FILED
2011 APR -6 A 11: 48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Daniel J. Mulligan (Cal. State Bar No. 103129)
**JENKINS MULLIGAN & GABRIEL LLP**
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131
Telephone: 415-982-8500
Facsimile: 415-982-8515

Peter B. Fredman (Cal. State Bar No. 189097)
**LAW OFFICE OF PETER FREDMAN**
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peter@peterfredmanlaw.com

Attorney for Plaintiff MARIE GAUDIN, for herself and persons similarly situated

E-filing

JCS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIE GAUDIN, individually, and on behalf of others similarly situated,

Plaintiff,

v.

SAXON MORTGAGE SERVICES, INC. a Texas corporation,

Defendant.

Case No. CV 11 1663

**CLASS ACTION**

COMPLAINT FOR DAMAGES AND RESTITUTION FOR

(1) BREACH OF CONTRACT (COVENANT OF GOOD FAITH AND FAIR DEALING)

(2) RESCISSION AND RESTITUTION (CAL. CIVIL CODE §§ 1688, *ET SEQ.*)

(3) UNFAIR DEBT COLLECTION PRACTICES (CAL. CIVIL CODE §§ 1788, ET SEQ.)

(4) UNFAIR COMPETITION LAW (CAL.BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

**JURY TRIAL DEMANDED**

Plaintiff Marie Gaudin, by and through her attorneys, brings this action on behalf of herself and all others similarly situated against the above named Defendants, demands a trial by jury, and complains on information and belief as follows:

## INTRODUCTION

1. This class action lawsuit seeks to redress and remedy Defendant Saxon Mortgage Services Inc.'s (Saxon's) policy and practice of collecting "trial" payments from its delinquent residential mortgage customers by falsely promising them the opportunity to retain their homes through an income-based loan modification under the protocols and guidelines established by the Homeowners Affordable Modification Program (HAMP).

2. Beginning in early 2009, Plaintiff sought a modification of the loans secured by her residence. She made this request to Saxon. After providing her financial information and all other requested documents to Saxon's "Home Preservation Department," Plaintiff was offered a "trial" HAMP loan modification agreement that provided for a reduction of Plaintiff's monthly mortgage obligation to an affordable payment, and promised, in writing, to permanently modify the mortgage if she made the required three trial period payments and provided any further requested documentation of her financial condition. Saxon's correspondence assured her it was "committed to assisting you in any way we can to complete the Agreement. We want to help!" A true and correct copy of this modification agreement is attached hereto as **Exhibit B.**

3. Far from assisting, however, Saxon delayed the processing of the loan modification, while urging her to continue making trial payments, then denied her a permanent modification without cause. Saxon sent Plaintiff several letters purportedly explaining why she had been declined for a permanent modification. In these letters, Saxon falsely claimed that Plaintiff had failed to make the trial payments and supply requested documents. When Plaintiff confronted Saxon with the falsity of these statements, Saxon made no attempt to back up or explain them.

4. Saxon self-reports that more than two-third of its HAMP trial loan modification offers never result in permanent HAMP loan modifications starts: a person who receives a

HAMP "trial" agreement offer in fact has less than a 33% chance of receiving a permanent HAMP modification agreement. Among all servicers, the leading causes of cancellation are reported as "insufficient documentation" or "trial plan payment default" – just as Saxon falsely asserted was the case with Ms. Gaudin.

5. Plaintiff alleges that Saxon has a policy and practice of deliberately or negligently failing to convert HAMP trials to permanent loan modifications and falsely claiming "insufficient documentation" or "trial plan payment default" as the reason. More broadly, Plaintiff alleges that Saxon has a policy and practice of offering "trial" HAMP loan modifications that it had no good faith intention or ability to make permanent. It thus deceived its distressed mortgage customers into making trial payments.

6. Plaintiff alleges that she is typical of a class of Saxon customers who received trial HAMP loan modifications that Saxon reneged on without cause. On behalf of herself and the class, she alleges breach of contract, rescission and restitution, deceptive debt collection practices under California's Rosenthal Fair Debt Collection Practices Act (Rosenthal Act) and fraudulent, unlawful, and unfair business practices under California's Unfair Competition Law (UCL).

**PARTIES**

7. Plaintiff Marie Gaudin is a resident of San Mateo County, California at the real property located at 2203 Wildflower Court, Daly City 94014 (the "Property").

8. Defendant Saxon Mortgage Services Inc. ("Saxon"), a Texas corporation, does business throughout California and has its principal place of business in Fort Worth, Texas.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction pursuant to the provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq* ("CAFA").

12. Venue is proper in this Court because defendants' liability to Plaintiff arose within the jurisdictional region of this Court, where Saxon does substantial business.

**FACTS**

11. Plaintiff Marie Gaudin is a single, self-employed, small business woman who has operated a San Francisco bridal boutique for over 30 years. She purchased the Property in 1993 and refinanced several times over the years.

12. In or about October, 2006 Plaintiff refinanced with the now-defunct WMC Mortgage for approximately $400,000. On information and belief, the mortgage loan was eventually acquired by Morgan Stanley as a negotiable instrument and pooled into something called "Morgan Stanley ABS Capital I Inc. Trust 2007-HE4". Saxon, a subsidiary of Morgan Stanley, became the servicer of the loan.

13. By early-2009, Plaintiff's business had suffered a severe decline in revenues as a result of the steep recession that resulted from the financial crisis that resulted from the conduct of large financial institutions like Morgan Stanley and WMC. Plaintiff was not in a position to make the full monthly mortgage payment, and the value of the Property had plummeted to far less than the subject loan.

14. Plaintiff contacted Saxon to request a loan modification, providing it all information and documentation that it requested. On April 13, 2009, Saxon denied the initial request, as set forth in **Exhibit A**.

15. In that correspondence and other communications, Saxon represented that it had a "Home Preservation Team" that "makes every effort to assist our mortgagors whenever possible".

16. Despite this initial denial by Saxon, Plaintiff persisted in her efforts to obtain relief and, effective June 1, 2009, Saxon offered her a HAMP loan modification "trial plan" agreement, a fully executed version of which is attached hereto as **Exhibit B.**

17. The "trial plan" agreement set forth an affordable monthly payment, and provided that Plaintiff's loan would be permanently modified to reduced monthly payments if Plaintiff fulfilled the terms of the trial agreement by making the trial payments and providing supplemental documentation if requested. **Exhibit B, p. 1.**

18.     Plaintiff made all three monthly payments required under the trial plan agreement and performed all other conditions required or requested of her during the three month trial period. Pursuant to the dictates of HAMP, and the representations in the trial plan agreement, she should have been offered a permanent HAMP loan modification effective September 1, 2009. This did not occur.

19.     On September 28, 2009, Saxon sent Plaintiff a letter falsely claiming that there were "important documentation and/or payments missing in order to qualify for a permanent Home Affordable Modification Agreement ('Agreement')". The letter further asserted: "Saxon is committed to assisting you in any way we can to complete the Agreement. We want to help!" A copy is attached as **Exhibit C**.

20.     Plaintiff contacted Saxon as directed in Exhibit C, and was assured that all necessary documents had been received. Plaintiff was told to keep making her trial payments pending the further processing of her modification. Saxon customer service phone personnel repeatedly confirmed that her application was complete and that no further documentation was needed from her.

21.     On December 30, 2009, Saxon sent Plaintiff a form notice from the "Home Preservation Department" falsely claiming that she had "failed to submit all the required documentation". It also claimed "We want to work with you." A copy is attached as **Exhibit D**.

22.     On January 8, 2010, Saxon sent Plaintiff a form letter acknowledging that her trial modification had been completed, but instructing her to continue making the trial plan payments anyway while it continued to review her file. A copy is attached as **Exhibit E**.

23.     On March 23, 2010, Saxon sent Plaintiff a form letter falsely claiming she "did not make all the required Trial Period Payments by the end of the trial period." This was pursuant to a form letter that gave the sender a choice of two boxes to check as the reason for the declination, the other option being: "You did not provide us with the documents we requested". A copy is attached as **Exhibit F**.

24. On July 14, 2010, Saxon sent Plaintiff a form letter stating that her "loan was removed from HAMP on 3/17/10, because we did not receive all of the required payments" and suggesting that she apply for a short sale. A copy is attached as **Exhibit G.**

25. On October 4, 2010, Saxon sent Plaintiff a form letter denying the HAMP modification on the false grounds that her "loan was previously modified under [HAMP]." A copy is attached as **Exhibit H.**

26. On January 26, 2011, Saxon sent Plaintiff a form letter again falsely claiming that she had failed to make payments (while conceding down the page of the same letter that she "continued to make the trial payments until July 2010"). The letter also falsely claimed that the U.S. Treasury was involved in the review of the HAMP application. A copy is attached as **Exhibit I.**

27. Throughout this process, Plaintiff persistently communicated with Saxon, orally and in writing, explaining that it was not true that she had missed any payments or failed to provide any requested documents. In written correspondence and orally, she repeatedly asked Saxon to identify which payments it claimed she missed and/or which document requests it claimed she failed to fulfill. Saxon never answered in a responsive way, but, rather simply persisted in sending her the false form letters as set forth above.

28. Plaintiff alleges on information and belief that Saxon had internal policies and practices (or the absence thereof) that were intended to and did falsely deny HAMP trial modifications from obtaining permanent status in a manner similar to those used to deny her modification.

## CLASS ALLEGATIONS

27. This class action is brought pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure by the individual named Plaintiff on behalf of herself and the following class:

> All California residential mortgage customers of Saxon who received HAMP trial loan modification agreements and made the three trial payments required thereunder but did not receive permanent HAMP modifications.

27. Plaintiff does not know the exact size or identities of the proposed Class, since such information is in the control of defendants. Plaintiffs believe and allege, however, that the Class encompasses approximately 6,000 California residential mortgage borrowers who are geographically dispersed throughout California. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

28. Common questions of fact and law predominate over any questions affecting only individual members including, but not limited to, the following:

a. whether Saxon had policies and procedures, or the absence thereof, that caused it to erroneously "remove" loans from HAMP processing based on false assertions that the borrower had failed to make payments or provide documents;

b. whether the representations and promises of permanent HAMP modification set forth in the HAMP trial agreements and related correspondence were false or deceptive;

c. whether the HAMP trial agreements, such as Exhibit B, were a valid and binding agreement and whether Saxon had programs in place that constituted material performance of the Agreements;

d. whether Saxon's conduct with respect to the HAMP trial agreements subjects the agreements to rescission and restitution for failure of consideration under section 1688 of the California Civil Code;

e. whether Saxon's conduct with respect to the HAMP trial agreements constituted unfair debt collection practices under the Rosenthal Act;

f. whether Saxon's with respect to the HAMP trial agreements violated the Unfair Competition Law (UCL) and, specifically, whether the representations in the HAMP trial agreements and related correspondence were material within the meaning of *In Re Tobacco II.*

29. This is a matter of important public policy because foreclosure avoidance, where possible, and the fair treatment of distressed borrowers are state and national policy priorities.

30. Plaintiffs' claims are typical of the claims of the Class and do not conflict with

the interests of any other members of the Class.

31. Plaintiff will fairly and adequately represent the interests of the Class. They are committed to the vigorous prosecution of the Class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class action and foreclosure claims.

32. A class action is superior to other methods for the fast and efficient adjudication of this controversy and to avoid the risk of disparate and inconsistent rulings throughout the state. Due to the inherent financial condition of the victims of these alleged practices, a class action is the only way they have any hope of receiving justice for the practices alleged herein. A class action regarding the issues in this case does not create any problems of manageability.

## 1ST CLAIM FOR RELIEF
**(Breach of Contract/Implied Covenant of Good Faith and Fair Dealing)**
**(Against Saxon and Does)**

33. The preceding paragraphs are incorporated by reference.

34. Plaintiff entered into the agreement with defendants that is attached hereto and incorporated by reference as **Exhibit B.**

35. In every contract or agreement, including those at issue here, there is an implied promise of good faith and fair dealing, which means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

36. Plaintiff performed all her obligations under the agreement except to the extent that they were excused from performance.

37. Defendants breached the agreement and totally failed to provide the consideration they promised thereunder.

38. Plaintiffs were harmed as a result of the breach, and are entitled in the alternative to damages to terminate the agreement and recover their consideration paid under the Agreement (i.e. their forbearance payments) without formal rescission. *Richter v. Union Land Co.* (1900) 129 Cal. 367, 372-373; *Morrell v. Clark* (1951) 106 Cal.App.2d 198, 203.

WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

## 2ND CLAIM FOR RELIEF
**(Rescission and Restitution – Cal. Civil Code §§ 1688-1689 )**
**(Against Saxon and Does)**

39. The preceding paragraphs 1 through 32 are incorporated by reference.

40. **NOTICE OF RESCISSION:** In the alternative, Plaintiffs and Class, by service of this Class Action Complaint on Defendant Saxon, hereby provide notice to Defendant, its subsidiaries and affiliates that the HAMP trial modification agreements described in this Complaint are subject to rescission and are hereby rescinded for the reasons set forth herein.

41. Section 1689(b) of the California Civil Code provides that a "party to a contract may rescind the contract ... (1) [i]f the consent of the party rescinding ... was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds ... (2) [i]f the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds .... (4) [i]f the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause."

42. Plaintiff is entitled to rescind the Agreement under Civil Code § 1689(b) and recover her consideration paid there under because her consent to the agreement was given by mistake, and/or obtained through fraud exercised by Saxon, and/or because the consideration promised by Saxon failed in a material respect through the fault of Saxon.

43. Plaintiff has retained no consideration that must be tendered back to Saxon prior to rescission.

WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

**3RD CLAIM FOR RELIEF**
**(Rosenthal Fair Debt Collection Practices Act – Cal. Civ. Code §§ 1788 *et seq.*)**
**(Against Saxon and Does)**

44. The preceding paragraphs 1 through 32 are incorporated by reference.

45. Defendants were "debt collectors" engaging in "debt collection" practices under the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"). Cal. Civ. Code § 1788.2(c).

46. Defendants violated the Rosenthal Act by using false, deceptive, and misleading statements in connection with their collection of Plaintiffs' mortgage debt, as alleged herein. Cal. Civ. Code § 1788.17, incorporating 15 U.S.C.A. § 1692e. Specifically, Saxon falsely

represented that it intended to and had the capability of assisting borrowers obtain loan modifications when, in reality, its internal procedures policies and practices, as applied to all such borrowers, were such that Saxon routinely lied about receiving payments and documents and falsely stated reasons for regularly denying permanent loan modifications.

47. The 1999 Amendment to the Rosenthal Act allows for class actions for violations to the same extent they are allowed under the federal Fair Debt Collection Practices Act ("FDCPA"). Cal. Civ. Code § 1788.17, incorporating 15 U.S.C.A. § 1692k; G*onzales v. Arrow Financial Services, LLC,* 233 F.R.D. 577, 581 (S.D.Cal.2006).

WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

**4TH CLAIM FOR RELIEF**
**(Unfair Competition – Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**
**(Against Saxon and Does)**

48. The preceding paragraphs are incorporated by reference.

49. California's Unfair Competition Law (the "UCL") defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice. Cal. Bus. & Prof. Code §§ 17200 *et seq*. Defendants' conduct constitutes unfair competition under the UCL.

50. Defendants engaged in "fraudulent" business practices under the UCL because the HAMP trial modification offer was intended and likely to mislead the public into believing that they could obtain an opportunity to retain their homes. A true opportunity to retain their homes was "material" to Plaintiff and the class within the meaning of *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 325.

51. Defendants engaged in "unlawful" business practices under the UCL based on the violation of the Rosenthal Act and based on the common law breach of contract.

52. Defendants engaged in "unfair" business practices under the UCL because they violated the laws and underlying legislative policies designed to (a) prevent foreclosure, where possible, by requiring mortgage holders to engage in honest foreclosure prevention efforts (see Cal. Civil Code § 2923.5); (b) provide Californians with anti-deficiency protections that prevent mortgage holders from seizing other assets or monies of the borrowers after electing to sell the

security in satisfaction of the mortgage debt (see C.C.P. § 580d, § 726); and (c) allow contracting parties to enjoy the benefits of their agreement after paying valuable consideration therefore.

53. Plaintiff and the Class were injured in fact and lost money or property as a result of these unlawful, unfair, and fraudulent business practices.

WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment as follows:

A. An order certifying the Plaintiff Class, appointing the named Plaintiff as the representative of the Class, and appointing the law firms representing the named Plaintiff as counsel for the Class;

B. An order rescinding and/or terminating the HAMP trial modification agreement of each member of the Class who so elects;

C. Restitution of the consideration paid by Plaintiff and the Class under the HAMP trial modification agreements;

D. Class wide statutory damages under the Rosenthal Act, as it incorporates the remedies provisions of the FDCPA, 15 U.S.C. § 1692k, pursuant to section 1788.17 of the California Civil Code. *See Gonzales v. Arrow Financial Services, LLC* 233 F.R.D. 577, 581 (S.D.Cal.,2006).

E. Such additional orders or judgments as may be necessary to prevent these practices and to restore to any person in interest any money or property which may have been acquired by means of the UCL violations;

F. Attorneys' fees, costs, and expenses pursuant to the Rosenthal Act, section 1021.5 of the Code of Civil Procedure, and pursuant to Paragraph 22 of the standard Plaintiff's Deed of Trust as rendered mutual by section 1717 of the California Civil Code; and

G. For such other and further relief as the Court may deem proper.

JENKINS MULLIGAN & GABRIEL LLP

DATE: April 4, 2011

LAW OFFICE OF PETER FREDMAN

By: [signature]
DANIEL J. MULLIGAN,
Attorney for Plaintiff,
MARIE GAUDIN

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all claims so triable.

JENKINS MULLIGAN & GABRIEL LLP

LAW OFFICE OF PETER FREDMAN

By: [signature]
DANIEL J. MULLIGAN,
Attorney for Plaintiff,
MARIE GAUDIN

# SAXON

4708 Mercantile Drive North
P.O. Box 161489
Fort Worth, TX 76161-1489
(817) 665-7200 • (817) 665-7400 Fax

April 13, 2009

MARIE GAUDIN
2203 WILDFLOWER CT
DALY CITY CA 94014-3524

Re: Loan Number 2000236622

Dear MARIE GAUDIN:

We have reviewed the financial information you provided and have determined that we are unable to assist you for the following reason(s):

Insufficient income to maintain regular payments.
Over obligation (excessive debt to income ration).

Please note, our Home Preservation Team makes every effort to assist our mortgagors whenever possible. Should your circumstances change, please contact us. We will review your situation immediately. Our toll-free number is 888-325-3502.

Sincerely,

Home Preservation Department
Saxon

361 – COL01

Exhibit A

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

Visit us on the web at www.saxononline.com.

Case3:11-cv-01663-JCS Document1 Filed04/06/11 Page14 of 25

Feb 07 11 07:35p Marie Gaudin 515-552-5759 p.2

Invastor Loan # : 2000236622

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN (Step One of Two-Step Documentation Process)

Trial Period Plan Effective Date: June 1, 2009

Borrower ("I") [1]: MARIE GAUDIN

Lender ("Lender"):
Wells Fargo Bank, National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE4

Date of first lien Security Instrument ("Mortgage") and Note ("Note"): January 2, 2007

Loan Number: 11721740

Property Address ("Property"):
2203 WILDFLOWER COURT
DALY CITY, CA 94014-9401

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Lender, the Lender will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Lender sign it and Lender provides me with a copy of this Plan with the Lender's signature.

1. **My Representations.** I certify, represent to Lender and agree:

   A. I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B. I live in the Property as my principal residence, and the Property has not been condemned;

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

HOME AFFORDABLE MODIFICATION - TRIAL PERIOD PLAN
Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services ©2009

Form 3156 3/09 (rev. 3/09)
D14103 (0503)
Page 1 of 4

Exhibit B



Case3:11-cv-01663-JCS Document1 Filed04/06/11 Page15 of 25

Feb 07 11 07:36p Marie Gaudin 515-552-5759 p.3

C. There has been no change in the ownership of the Property since I signed the Loan Documents;

D. I am providing or already have provided documentation for all income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

E. Under penalty of perjury, all documents and information I have provided to Lender pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

F. If Lender requires me to obtain credit counseling, I will do so.

2. **The Trial Period Plan.** On or before each of the following due dates, I will pay the Lender the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,328.63.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $ 1,328.63 | 06/01/2009 |
| 2 | $ 1,328.63 | 07/01/2009 |
| 3 | $ 1,328.63 | 08/01/2009 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A. TIME IS OF THE ESSENCE under this Plan;

B. Except as set forth in Section 2.C. below, the Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C. If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the lender may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D. The Lender will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E. When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F. If prior to the Modification Effective Date, (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

HOME AFFORDABLE MODIFICATION - TRIAL PERIOD PLAN
Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services ©2009
Form 3156 3/09 (rev. 3/09)
D14193 (0903)
Page 2 of 4

Exhibit B

Case3:11-cv-01663-JCS Document1 Filed04/06/11 Page16 of 25

Feb 07 11 07:36p Marie Gaudin 515-552-5759 p.4

G. I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan. I understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents or to execute the Modification Agreement if the Lender has not received an acceptable title endorsement and/or subordination agreements from other lien holders, as necessary, to ensure that the modified mortgage Loan retains its first lien position and is fully enforceable.

3. **The Modification.** I understand that once Lender is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Lender will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Lender will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Lender and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Lender and me for the remaining term of the loan.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.

B. To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C. Intentionally Deleted.

D. That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E. That, as of the Modification Effective Date, any provision in the Note, as amended, for the assessment of a penalty for full or partial prepayment of the Note is null and void.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.**
**SIGNATURE PAGE FOLLOWS.**

HOME AFFORDABLE MODIFICATION - TRIAL PERIOD PLAN
Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services ©2009

Form 3156 3/09 (rev. 3/09)
D14103 (0903)
Page 3 of 4

Exhibit B

Case3:11-cv-01663-JCS Document1 Filed04/06/11 Page17 of 25

Feb 07 11 07:36p Marie Gaudin 515-552-5759 p.5

In Witness Whereof, the Lender and I have executed this Plan.

MARIE GAUDIN (Seal) -Borrower 05/24/09 Date

(Seal) -Borrower Date

(Seal) -Borrower Date

(Seal) -Borrower Date

Wells Fargo Bank, National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE4, by Saxon Mortgage Services, Inc., as its attorney-in-fact (Seal) -Lender

By: (Seal) 6/2/09 Date

HOME AFFORDABLE MODIFICATION - TRIAL PERIOD PLAN
Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services © 2009

Form 3156 3/09 (rev. 3/09)
D14103 (0903)
Page 4 of 4

Exhibit B

HELPING YOU STAY IN YOUR HOME.

MAKING HOME AFFORDABLE

***You may be able to make your payments more affordable.***
***Act now to get the help you need!***

SAXON

4708 Mercantile Drive North
Fort Worth, TX 76137
(888) 325-3502 • Fax (888) 240-1885

September 28, 2009

MARIE GAUDIN
2203 WILDFLOWER CT
DALY CITY, CA 94014

**Loan Number** 2000236622
**Property Address:** 2203 WILDFLOWER COURT
DALY CITY, CA 94014

Several months ago, you contacted Saxon regarding the Federal Government's Home Affordable Modification Program (HAMP). You have completed part of the requirements for HAMP; however; there is still important documentation and/or payments missing in order to qualify you for a permanent Home Affordable Modification Agreement ("Agreement"). At the beginning of September, we sent you a letter that extended the time for you to send in the missing information and THAT TIME IS RUNNING OUT!

Saxon is committed to assisting you in any way that we can to complete your Agreement. **We want to help!**

**Please call us at (888) 325-3502 no later than Wednesday, September 30 to discuss your options. We are available between 7:00 a.m. and 10:00 p.m. Central Time.**

**If you fail to contact us by September 30, you will no longer be eligible for HAMP. This is a one-time-only opportunity!**

Call us. We can help.

Home Preservation Department
Saxon

Called 9/30/09 10:00 AM
Talked Sonia # 21296.
Everything was received & filed in their system as per our conversation 9/25/09.

# Exhibit C

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral

**HELPING YOU STAY IN YOUR HOME.**

MAKING HOME AFFORDABLE

***You may be able to make your payments more affordable.***

***Act now to get the help you need!***

# saxon

4708 Mercantile Drive North
Fort Worth, TX 76137
(888) 325-3502 • Fax (888) 240-1885

December 30, 2009

MARIE GAUDIN
2203 WILDFLOWER CT
DALY CITY, CA 94014-3524

**Loan Number** 2000236622
**Property Address:** 2203 WILDFLOWER COURT
DALY CITY, CA 94014

Thank you for participating in the Home Affordable Modification Program (HAMP). The U.S. Treasury Department announced on December 23, 2009, a "review" period until January 31, 2010 to further help you convert to a Final Modification Agreement. You are at risk of losing eligibility for a Final Modification Agreement because:

 you have failed to make all required trial payments.

X you have failed to submit all required documentation.

 you have failed both to make all required trial period payments and to submit all required documentation.

We previously sent you a list of required documents missing from your application. Please call us at (888) 325-3502 to discuss the details of what documents and/or payments are missing.

If originals are required, please send them to us at:

Saxon
Attention: Home Preservation/HMP Documentation Department
4708 Mercantile Drive North
Fort Worth, TX 76137

If copies are sufficient, please mark the loan number on each page and fax the documentation to (888) 240-1885.

Saxon is committed to assist you in obtaining your permanent Home Affordable Modification Agreement and must have these documents and/or payments no later than January 31, 2010. If you have any questions, need an itemization of the missing documents/payments or are having difficulty providing the documentation, please call us immediately toll-free at (888) 325-3502. We can be reached between 7:00 a.m. and 10:00 p.m. Central Time Monday through Friday, and from 7:00 a.m. to 5 p.m. Central Time on Saturday.

**If you do not send the required documents and/or payments, you will be denied a Final Modification and you will not be eligible to receive a Home Affordable Modification in the future.**

We want to work with you. Please call us.

Home Preservation Department
Saxon

# Exhibit D

12/29/09

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

SAXON

4708 Mercantile Drive North
P.O. Box 161489
Fort Worth, TX 76161-1489
(817) 665-7200 • (817) 665-7400 Fax

January 8, 2010

Marie Gaudin
2203 Wildflower Ct.
Daly City, CA 94014-3524

Re: Saxon Loan Number: 2000236622

Dear Marie Gaudin:

Saxon is in receipt of your correspondence regarding the above referenced loan account.

Our records indicate that the trial modification has been completed. Your account is being reviewed by the underwriters. Please allow time for the review to be completed. However, please continue to make the trial modification payment of $1,328.63 until you have received a notice of approval or denial.

For your convenience, please access our web site, www.saxononline.com to obtain loan information, billing statements, escrow information, copies of loan documents, etc. If you have any additional questions please feel free to contact our Customer Service Department toll-free at 1-800-594-8422.

Sincerely,

Carol Eagerton

Carol Eagerton
Customer Relations Specialist
Saxon

# Exhibit E

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

Visit us on the web at www.saxononline.com.

**HELPING YOU STAY IN YOUR HOME.**

MAKING HOME AFFORDABLE

***You may be able to make your payments more affordable.***

***Act now to get the help you need!***

# SAXON

4708 Mercantile Drive North
Fort Worth, TX 76137
(888) 325-3502 • Fax (8[illegible]) 2[illegible]85

March 23, 2010

MARIE GAUDIN
2203 WILDFLOWER CT
DALY CITY CA 94014-3524

Re: Loan Number 2000236622
Property Address: 2203 WILDFLOWER COURT DALY CITY CA 94014

Thank you for contacting us regarding the Home Affordable Modification Program (HAMP). Based on the information you provided, Saxon is unable to provide you with a Home Affordable Modification Program agreement because:

You did not provide us with the documents we requested. A notice which listed the specific documents we needed and the time frame required to provide them was sent to you more than 30 days ago.

X You did not make all of the required Trial Period Plan payments by the end of the trial period.

You can seek assistance at no charge from HUD-approved housing counselors by contacting the HOPE Hotline at 888-995-HOPE. Ask for MHA HELP to request assistance in understanding this notice.

Saxon is committed to assist you in other ways to prevent the foreclosure of your home and is prepared to discuss alternatives to help you keep your home or to ease your transition to a new home. Please call us immediately at (888) 325-3502. We look forward to speaking with you soon.

Home Preservation Department
Saxon

**The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Agency, Consumer Response Center, Washington D.C. 20580.**

566 Mod Denial 12/18/09

# Exhibit F

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect assets, or a claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

Visit us on the web at www.saxononline.com.

# SAXON

4708 Mercantile Drive North
P.O. Box 161489
Fort Worth, TX 76161-1489
(817) 665-7200 • (817) 665-7400 Fax

July 14, 2010

Marie Gaudin
2203 Wildflower Court
Daly City, CA 94014

Re: Loan Number 2000236622

Dear Ms. Gaudin:

Saxon Mortgage Services, Inc. ("Saxon") has received your correspondence regarding the above-referenced loan. Our goal is to provide valued services to ensure a unique and positive experience.

Your loan was removed from HAMP on 03/17/10, because we did not receive all of the required payments. Regretfully, we cannot review you loan for another modification.

You may now apply for a possible short sale or deed in lieu. Please complete and return the new financial package, which you will receive under separate cover, if you wish to pursue one of these options.

For your convenience, please access www.saxononline.com to obtain billing statements, escrow information, copies of loan documents and other loan information. If you have any additional questions, please contact our Customer Service Department toll-free at (800) 594-8422 on Monday through Friday, 7:00 a.m. to 10:00 p.m., and Saturday, 8:00 a.m. to 2:00 p.m., Central Standard Time.

Sincerely,

Monique Sampson
Customer Relations Specialist
Saxon

# Exhibit G

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

Visit us on the web at www.saxononline.com.

**HELPING YOU STAY IN YOUR HOME.**

MAKING HOME AFFORDABLE

***You may be able to make your payments more affordable.***

***Act now to get the help you need!***

# SAXON

4708 Mercantile Drive North
Fort Worth, TX 76137
(888) 325-3502 • Fax (888) 240-1855

October 4, 2010

MARIE GAUDIN
2203 WILDFLOWER CT
DALY CITY, CA 94014-3524

Re: Loan Number 2000236622

Property Address: 2203 WILDFLOWER COURT
DALY CITY, CA 94014

Thank you for contacting us regarding the Home Affordable Modification Program (HAMP). Based on the information you provided, Saxon is unable to provide you with a HAMP Final Modification Agreement because:

You did not obtain your loan on or before January 1, 2009.

Your loan with us is not a first lien mortgage.

The current unpaid principal balance on your loan is higher than the program limit.

Your current monthly housing expense, which includes the monthly principal and interest payment on your first lien mortgage loan plus property taxes, hazard insurance and homeowner's dues (if any) is less than or equal to 31% of your gross monthly income. Your current housing expense must be greater than 31% of your gross monthly income to be eligible for a Home Affordable Modification. If you believe this verified income is incorrect, please contact us at the number provided below.

You do not live in the property as your primary residence.

Your property is vacant, has been condemned, or has more than four dwelling units.

We service your loan on behalf of an investor or group of investors that has not given us the contractual authority to modify your loan under the Home Affordable Modification Program.

Your loan is insured by a private mortgage insurance company that has not approved a modification under the Home Affordable Modification Program.

Your loan is guaranteed and the guarantor has not approved a modification under the Home Affordable Modification Program.

You have filed for bankruptcy protection and the proposed modified loan terms were not approved by the Bankruptcy Court. You may wish to contact your bankruptcy counsel or trustee to discuss this decision.

The Home Affordable Modification Program requires a calculation of the net present value (NPV) of a modification using a formula developed by the Department of the Treasury. The NPV calculation requires us to input certain financial information about your income and your loan including the factors listed below. When combined with other data in the Treasury model, these inputs estimate the cash flow the investor (owner) of your loan is likely to receive if the loan is modified and the investor's cash flow if the loan is not modified. Based on the NPV results, the owner of your loan has not approved a modification.

If we receive a request from you within 30 calendar days from the date of this letter, we will provide you with the date the NPV calculation was completed and the input values noted below. If, within 30 calendar days of receiving this information you provide us with evidence that any of these input values are inaccurate, and those inaccuracies are material, for example, a significant difference in your gross monthly income or an inaccurate zip code, we will conduct a new NPV evaluation. While there is no guarantee that a new NPV evaluation will result in the owner of your loan approving a modification, we want to ensure that the NPV evaluation is based on accurate information.

# Exhibit H

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

Visit us on the web at www.saxononline.com.

SAXON

Available NPV Inputs
Unpaid balance on the original loan
Interest rate before modification
Months delinquent
Next ARM reset date (if applicable)
Next ARM reset rate (if applicable)
Principal and interest payment before modification
Monthly insurance payment
Monthly real estate taxes
Monthly HOA fees (if applicable)
Monthly gross income
Borrower's Total Monthly Obligations
Borrower's FICO
Co-borrower's FICO (if applicable)
Zip code
State

You are current on your mortgage loan and after reviewing the financial information you provided us, we have determined that you are not at risk of default because:

You have not documented a financial hardship that has reduced your income or increased your expenses, thereby impacting your ability to pay your mortgage as agreed.

You have sufficient income to pay your current mortgage payment.

You have the ability to pay your current mortgage payment using cash reserves or other assets.

X Your loan was previously modified under the Home Affordable Modification Program. The program does not allow more than one modification.

Your loan is paid in full.

Your loan was reinstated and you no longer appear to be in need of modification. If you feel that you are at risk of default, please contact us to discuss your eligibility and qualification for a Home Affordable Modification.

We are unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your loan beyond the requirements of the program.

You did not provide us with the documents we requested. A notice which listed the specific documents we needed and the time frame required to provide them was sent to you more than 30 days ago.

You have 30 calendar days from the date of this notice to contact us to discuss the reason for non-approval for a HAMP modification or to discuss alternative loss mitigation options that may be available to you. Your loan may be referred to foreclosure during this time, or any pending foreclosure action may continue. However, no foreclosure sale will be conducted and you will not lose your home during this 30-day period [or any longer period required for us to review supplemental material you may provide in response to this Notice].

You can seek assistance at no charge from HUD-approved housing counselors by contacting the HOPE Hotline at (888) 995-HOPE. Ask for MHA HELP to request assistance in understanding this notice.

Saxon is committed to assist you in other ways to prevent the foreclosure of your home and is prepared to discuss alternatives to help you keep your home or to ease your transition to a new home. Please call us immediately at (888) 325-3502. We look forward to speaking with you soon.

Home Preservation Department
Saxon

738 Mod Denial Ltr4 06/01/10

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Agency, Consumer Response Center, Washington D.C. 20580.



# SAXON

4708 Mercantile Drive North
P.O. Box 161489
Fort Worth, TX 76161-1489
(817) 665-7200 • (817)665 7400 Fax

January 26, 2011

Marie Gaudin
2203 Wildflower Court
Daly City, CA 94014-3524

Re: Loan Number 2000236622

Dear Marie Gaudin:

Saxon Mortgage Services, Inc. ("Saxon") has received your correspondence regarding the above-referenced loan. Our goal is to provide valued services to ensure a unique and positive experience.

You were pre-qualified for the Home Affordable Modification Program (HAMP). Under the trial period, you were required to pay $1,328.63 by the first of each month, beginning June through August 1, 2009. The U. S. Treasury extended the review; you were to continue making the trial modification payment of $1,328.63 until you received notice of approval or denial.

Your loan was removed from the Home Affordable Modification Program (HAMP) on March 23, 2010, because you did not make all the required trial payments.

When your trial payments of $1,328.63 were received, they were placed in a suspense account until there were enough funds to post a contractual payment of $2,360.78. This cause the loan to fall behind, once you were removed from HAMP you continued to make the trial payments until July 2010. In July 7, 2010, the payment you sent in was $2,237.00; this is not the correct payment amount. Once again, your payments went to suspense until there were enough funds to post the contractual payments.

Escrow was placed on your account due to the guidelines of the Home Affordable Modification Program; we have paid your taxes November 2009 and 2010. You will need to send in a written request to have the escrow removed and proof that you paid the taxes November 2010.

For your convenience, please access www.saxononline.com to obtain billing statements, escrow information, copies of loan documents and other loan information. If you have any additional questions, please contact our Customer Service Department toll-free at (800) 594-8422 on Monday through Thursday, 7:00 a.m. to 11:00 p.m., Friday, 7:00 a.m. to 7:00 p.m., and Saturday, 7:00 a.m. to 2:00 p.m., Central Standard Time.

Sincerely,

Customer Relations Specialist
Saxon

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

Visit us on the web at www.saxononline.com.