*E-Filed 7/11/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARIE GAUDIN,

        Plaintiff,

v.

SAXON MORTGAGE SERVICES, INC.

        Defendants.
_____/

No. C 11-1663 RS

**ORDER REQUESTING FURTHER BRIEFING AND CONTINUING HEARING**

    Defendant's pending motion to dismiss argues, among other things, that this action is barred as a matter of *res judicata* by the confirmation of plaintiff's Chapter 13 Bankruptcy plan and/or that plaintiff is judicially estopped from pursuing these claims as the result of an alleged failure to list them on her bankruptcy schedules in a timely manner. Whether or not those arguments have merit, plaintiff's bankruptcy filing also implicates the issue of her standing to pursue this action.

    When a debtor declares bankruptcy, "all the 'legal or equitable interests' he had in his property became the property of the bankruptcy estate and are represented by the bankruptcy trustee. . . . . Causes of action are among such legal or equitable interests." Turner v. Cook, 362 F.3d 1219, 1225-1226 (9th Cir. 2004). Absent abandonment of the claims by the trustee, a plaintiff in bankruptcy lacks prudential standing to pursue claims in his own name in another action because he or she is no longer the "real party in interest." See *In re Phenylpropanolamine Products Liability Litigation*, 2006 WL 2136722, *2 (W.D.Wash. 2006). An issue of prudential standing may properly

No. C 11-1663 RS
ORDER

be raised *sua sponte*, and is one of the "threshold determinants of the propriety of judicial intervention." *City of Los Angeles v. County of Kern*, 581 F.3d 841, 845-846. (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). While plaintiff asserts that these claims arose post-petition, it is not immediately apparent that these principles would necessarily be rendered inapplicable, given the ongoing administration of the estate under the Chapter 13 plan.

Accordingly, as part of its reply in support of the motion to dismiss, defendant shall address the issue of plaintiff's standing, and may have up to an additional three pages to do so. Within seven days after defendant files its reply, plaintiff may file a response, limited solely to the standing issue, and not to exceed five pages. The hearing on the motion to dismiss is hereby continued to August 11, 2011 at 1:30 p.m.

IT IS SO ORDERED.

Dated: 7/8/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 11-1663 RS
ORDER

2