Daniel J. Mulligan (Cal. State Bar No. 103129)
**JENKINS MULLIGAN & GABRIEL LLP**
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131
Telephone: 415-982-8500
Facsimile:  415-982-8515

Peter B. Fredman (Cal. State Bar No. 189097)
**LAW OFFICE OF PETER FREDMAN**
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile:  (510) 868-2627
peter@peterfredmanlaw.com

Attorney for Plaintiff MARIE GAUDIN,
for herself and persons similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE GAUDIN, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SAXON MORTGAGE SERVICES, INC. a Texas corporation, and Does 1-100,<br><br>    Defendants. | Case No. C 11-1663 RS<br><br>**CLASS ACTION**<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:  January 19, 2012<br>Time:  10 a.m.<br>Courtroom 3<br>Hon. Richard Seeborg |

Having met and conferred on these matters, the parties hereby submit the following UPDATED Joint Case Management Conference Statement:

**a. Date case was filed:**

April 6, 2011

**b. List or description of all parties:**

The parties are the Plaintiff Marie Gaudin, on behalf of herself and as putative class representative, and Defendant Saxon Mortgage Services, Inc. ("Saxon"). The First Amended Complaint ("FAC") also names "Doe" defendants based on Plaintiff's allegation that Saxon is the servicer of class member loans for various investment entity principles. The parties will meet and confer as to the identity of other defendants, if any.

**c. Summary of all claims, counter-claims, cross-claims, third party claims:**

Plaintiff brings four claims: (1) Breach of Contract (including covenant of good faith); (2) Restitution/rescission; (3) Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("Rosenthal Act"); and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"). There are no counter-claims, cross-claims, or third party claims.

**d. Brief description of the event underlying the action:**

ACCORDING TO PLAINTIFF: Plaintiff, a distressed mortgage borrower, and Saxon, her mortgage servicer, entered into what appeared to be a contract, called a Trial Period Plan ("TPP"), aimed at providing her with an income-based loan modification under the Homeowners Affordability Modification Program ("HAMP"). Plaintiff alleges that she complied with the TPP, including making the trial period payments, but that Saxon failed to comply with its obligations under the TPP and that she was wrongfully denied a loan modification. Plaintiff contends that Saxon's use of the TPPs to collect on delinquent mortgage debts was deceptive because from the viewpoint of the consumer borrower the TPP appeared to (1) represent that

2

Joint Case Management Conference Statement
Gaudin vs. Saxon Mortgage Services, Inc. – C 11-1663 RS

Plaintiff qualified for loan modification and (2) promise her one if she complied with the TPP, when, in fact, Saxon lacked that intention.

ACCORDING TO DEFENDANT: Saxon contends the TPP was not, in and of itself a permanent modification, or an unconditional commitment by Saxon to provide one, and Plaintiff did not qualify for permanent modification under HAMP. Saxon also contends that Plaintiff's statutory claims are deficient because Saxon is not a "debt collector," an offer to consider a permanent loan modification does not constitute an unlawful debt collection effort, and Plaintiff has not demonstrated that the TPP or any related communication was false, deceptive or misleading.

**e. Description of relief sought and damages claimed with an explanation as to how damages are computed:**

Plaintiff, on behalf of herself and the putative class, seeks:

- **For breach of contract,** nominal damages (amount TBD) and refund of Plaintiff's trial payments ($17,264 (=$1328/mo. x 13 mos.)) *or, alternatively,* contractual benefit of bargain damages measured by the present value of the permanent modification option at the time Plaintiff would have received it had Saxon performed its obligations under the TPP (amount tbd through expert opinion).

- **For restitution/rescission,** restitution of Plaintiff's trial payments ($17,264 (=$1328/mo. x 13 mos.)).

- **For Rosenthal Act violation**, of $1000 and Plaintiff's trial payments ($17,264 (=$1328/mo. x 13 mos.)) plus statutory damages plus the maximum statutory damages of $500,000 if the case is certified as a class action.

- **For UCL,** restitution of Plaintiff's trial payments ($17,264 (=$1328/mo. x 13 mos.)) and such orders or judgments as may be necessary to prevent the practice which constitutes unfair competition.

Saxon alleges that Plaintiff has sustained no injury or damages, and disputes Plaintiff's computation of damages.

//

3

Joint Case Management Conference Statement
Gaudin vs. Saxon Mortgage Services, Inc. – C 11-1663 RS

**f. Status of discovery (including any proposed limits or cutoff dates):**

The parties exchanged initial disclosures pursuant to Rule 26 on January 5-11, 2012, and Plaintiff has served initial written discovery.

**g. Procedural history of the case including any previous motions decided and/or submitted, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a magistrate judge:**

- On May 20, 2011, Saxon filed a motion to dismiss the original complaint.  On that basis, the original case management dates and deadlines were continued by stipulation and order.
- On July 11, 2011, the Court ordered further briefing on the bankruptcy standing issue.
- On August 22, 2011, the Court granted Saxon's motion to dismiss with leave to amend.
- On September 12, 2011, Plaintiff filed the FAC, which Saxon moved to dismiss on October 13, 2011.  The motion to dismiss was fully-briefed on October 24, 2011
- On November 3, 2011, the Court heard argument on Saxon's motion to dismiss the FAC.
- On November 17, 2011, the Court denied the motion to dismiss in its entirety.

**h. Other deadlines in place (in the event of reassignment), including those for dispositive motions, pretrial conferences, and trials:**

None

**i. If no deadlines are in place, a proposed schedule that includes pretrial and trial dates, a deadline by which dispositive motions shall be heard, and any discovery cutoff dates:**

**PLAINTIFF'S POSITION:**  Plaintiff proposes targeting late summer for the filing of her motion for class certification, but delaying imposition of any hard dates or deadlines until she can better assess the progress of discovery at a further case management conference in approximately 120 days.  Plaintiff received Saxon's initial disclosures on January 11, 2012, and propounded initial written discovery on January 12, 2011.  Some of the discovery requires Saxon

to engage in data inquiries, or provide a sizeable data set to Plaintiff for review and analysis. Assuming reasonable cooperation from Saxon in responding to this discovery, Plaintiff should be able to begin FRCP 30(b)(6) and some percipient depositions in the April-May time frame. This should facilitate the late summer class certification filing target.

**SAXON'S POSITION:** Saxon does not object to the schedule proposed by Plaintiff in paragraph (i), except insofar as Saxon respectfully requests that the Court bifurcate discovery so that merits discovery does not begin until after the Court decides Plaintiffs' class certification motion. Saxon also proposes that the Court convene a second case management conference when it decides Plaintiffs' motion for class certification.

**j. Whether the parties will consent to a magistrate judge for trial:**

The parties do not consent.

DATE: January 12, 2012        JENKINS MULLIGAN & GABRIEL LLP
                              LAW OFFICE OF PETER FREDMAN


                              By: /s/ Peter Fredman
                              _____
                                  PETER FREDMAN,
                                  Attorneys for Plaintiff,
                                  MARIE GAUDIN


DATE: January 12, 2012        BINGHAM MCCUTCHEN LLP


                              By: /s/ Jeanette Viggiano Torti
                              _____
                                  JEANETTE VIGGIANO TORTI,
                                  Attorneys for Defendant,
                                  SAXON MORTGAGE SERVICES, INC.