Daniel J. Mulligan (Cal. State Bar No. 103129)
JENKINS MULLIGAN & GABRIEL LLP
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131
Telephone: 415-982-8500

Peter B. Fredman (Cal. State Bar No. 189097)
LAW OFFICE OF PETER FREDMAN
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
peter@peterfredmanlaw.com

Attorneys for Plaintiff MARIE GAUDIN,
for herself and persons similarly situated

John B. Sullivan (State Bar No. 96742)
Erik Kemp (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344

Jeffrey Q. Smith (not yet admitted Pro Hac Vice)
Laila Abou-Rahme (Pro Hac Vice)
laila.abou-rahme@bingham.com
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY  10022
Telephone:  (212) 705-7000

Attorneys for Defendant
SAXON MORTGAGE SERVICES, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIE GAUDIN, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAXON MORTGAGE SERVICES, INC. a Texas corporation, and Does 1-100,<br><br>Defendants. | Case No. 11-cv-01663-JST<br><br>**CLASS ACTION**<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Hon. Jon S. Tigar |

Pursuant to the February 11, 2013 Reassignment Order, and having met and conferred on these matters, the parties hereby submit the following Joint Case Management Statement:

**a.     Date the Case Was Filed**

The case was filed on April 4, 2011.

**b.     List or Description of Each Party**

The parties are: (1) Plaintiff Marie Gaudin ("Plaintiff"), on behalf of herself and as putative class representative, and (2) Defendant Saxon Mortgage Services, Inc. ("Saxon") and DOES.

**c.     Summary of Claims**

Plaintiff brings four claims: (1) Breach of Contract (including covenant of good faith); (2) Restitution/rescission; (3) Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("Rosenthal Act"); and (4) Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL").  There are no counter-claims, cross-claims, or third party claims.

**d.     Brief Description of Underlying Events**

In about June 2009, Plaintiff and Saxon executed a Trial Period Plan (TPP) document in connection with her efforts to obtain a permanent home loan mortgage modification pursuant to the federally sponsored Home Affordable Modification Program (HAMP).  Plaintiff proceeded to make trial period payments to Saxon with the expectation that her loan would be permanently modified pursuant to HAMP, but Saxon denied permanent modification.

It is Saxon's position that the TPP did not promise a permanent modification and Plaintiff did not qualify for one.

**e.     Description of Relief Sought**

Plaintiff, on behalf of herself and the putative class, seeks (1) restitution of the trial payments made by the Class, as restitution or damages, (2) nominal or benefit-of-bargain damages for breach of contract, (3) statutory damages pursuant to the Rosenthal Act, and/or (3) injunctive orders to provide prospective mortgage relief or review in appropriate cases pursuant to the UCL.

2

_____
Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

Saxon denies that Plaintiff has sustained any injury or damages, and disputes Plaintiff's computation of damages.

### f. Status of Discovery

Pre-certification discovery has progressed through the depositions of Saxon's 30(b)(6) designees and Plaintiff. Certain follow up discovery to Saxon is pending, and Saxon has agreed to provide substantive responses prior to the filing of Plaintiff's motion for class certification as scheduled on April 15, 2013. Merits discovery unrelated to class certification has been deferred pending the outcome of the certification motion.

### g. Procedural History

The Court has previously ruled on two motions by Saxon to dismiss the complaint pursuant to Rule 12(b). See Dkt. No. 36, (*Gaudin v. Saxon Mortg. Servs.*, 820 F. Supp. 2d 1051, 1053 (N.D. Cal. 2011)) and Dkt. No. 51 (*Gaudin v. Saxon Mortg. Servs.*, 2011 U.S. Dist. LEXIS 132957 (N.D. Cal. Nov. 17, 2011)). There have been no other motions, and no ADR proceedings, settlement conferences, appellate proceedings, or magistrate referrals.

### h. Deadlines in Place Before Reassignment

Plaintiff's Motion for Class Certification is due April 15, 2013, and the class certification hearing was set for June 20, 2013. Per the briefing schedule, Saxon's opposition is due May 30, 2013, and Plaintiff's Reply Brief is due June 14, 2013.

### i. Any Requested Modification of Deadlines

None.

### j. Whether the Parties Consent to a Magistrate Judge for Trial

No.

### k. Whether There Exists a Need for an Immediate Case Management Conference

No.

/ / /

/ / /

3

_____
Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

l. **Statement of Any Immediate Relief Sought Regarding the Case Schedule**

None.

DATED: February 26, 2013     JENKINS MULLIGAN & GABRIEL LLP
                             LAW OFFICE OF PETER FREDMAN

                             By: /s/ Peter Fredman
                             _____
                             PETER FREDMAN,
                             Attorneys for Plaintiff,
                             MARIE GAUDIN

DATED: February 26, 2013     SEVERSON & WERSON,
                             a Professional Corporation

                             By: /s/ Erik Kemp
                             _____
                             ERIK KEMP
                             Attorneys for Defendant,
                             SAXON MORTGAGE SERVICES, INC.

DATED: February 26, 2013     BINGHAM MCCUTCHEN LLP

                             By: /s/ Laila Abou-Rahme
                             _____
                             LAILA ABOU-RAHME
                             Attorneys for Defendant,
                             SAXON MORTGAGE SERVICES, INC.

4

_____
Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST