Daniel J. Mulligan (State Bar No. 103129)
JENKINS MULLIGAN & GABRIEL LLP
10085 Carroll Canyon Rd., Ste. 210
San Diego, CA 92131
Telephone (415) 982-8500
Facsimile: (415) 982-8515
dan@jmglawoffices.com

Peter B. Fredman (State Bar No. 189097)
LAW OFFICE OF PETER FREDMAN
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peter@peterfredmanlaw.com

Attorneys for Plaintiff
MARIE GAUDIN, individually,
and on behalf of others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE GAUDIN, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br>    v.<br><br>SAXON MORTGAGE SERVICES, INC.,<br>A Texas corporation,<br><br>    Defendants. | Case No. C 11-01663-JST<br><br>**CLASS ACTION**<br><br>DECLARATION OF PLAINTIFF MARIE GAUDIN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION<br><br>Hearing Date:  June 20, 2013<br>Hearing Time:  1:30 p.m.<br>Courtroom 9, 19th Floor, SF<br>Hon. Jon S. Tigar |

I, MARIE GAUDIN, declare as follows:

1. I make this Declaration of my own personal knowledge, and if called to testify, I could and would testify competently to the matters stated herein.

2. I am the Plaintiff in the above entitled action.

3. I make this Declaration in support of my Motion for Class Certification.

4. I am and was at all relevant times a small business owner in San Francisco operating a bridal boutique. In 1993, I purchased my home at 2203 Wildflower Court, Daly City 94014. On or about October 10, 2006, I refinanced that home. I understand that I obtained a mortgage loan through a loan broker from a lender called WMC Mortgage Corp. Thereafter, I was directed in writing to make my monthly mortgage loan payments to Saxon Mortgage, which I did.

5. In about 2008, as a result of the recession, I began suffering reductions of income that caused me financial hardship, impeded my ability to pay my mortgage, and ultimately caused me to file bankruptcy. I understand that I petitioned for bankruptcy on January 28, 2010; my Chapter 13 plan was confirmed on June 11, 2010.

6. Beginning in late-2008/early-2009, I sought mortgage relief from Saxon in the form of a mortgage modification. Saxon repeatedly requested various personal financial records, and I always promptly provided everything Saxon asked for.

7. Saxon first requested my personal financial records prior to April of 2009, and initially denied my modification request by letter dated April 13, 2009, stating I had insufficient income to make my payments. But I became aware of a new government sponsored loan modification program, and I wanted to save my home if I could, so I persevered in my efforts to obtain a modification Saxon.

8. In May, 2009, in response to my further efforts, Saxon sent me a Homeowner Affordable Modification Program ("HAMP") Trial Period Plan ("TPP") offer and related paperwork. A true and correct copy of said TPP is submitted herewith as **Exhibit A** (except it had not yet been signed by anyone when I initially received it).

9. I understood that Saxon was offering me the opportunity to reduce my mortgage payments to an affordable level (approximately the trial period payment amount of $1328.63 per

1 month) after completing a three month "trial period". I believed I could make this reduced monthly payment, and I promptly signed and returned the TPP, along with a check for my first trial period payment, and all the other documents and completed forms that the HAMP paperwork required.

10. In June, 2009, I received a counter-signed copy of the TPP back from Saxon, a true and correct copy of which is submitted herewith as **Exhibit A**.

11. Based on my receipt of the countersigned TPP, I understood that I was approved for a loan modification under HAMP if I completed my trial payments for July and August of 2009 trial payment (having already made the June, 2009 trial payment).

12. I made all three trial payments required by the TPP, and many more, each subsequent month, but my loan was never modified. Initially, when I called Saxon to inquire regarding the status of the modification, Saxon representatives told me that the documentation was in process, and I should keep making the trial payments monthly, which I did. Later, Saxon began sending me erroneous letters, claiming I had failed to make payments or to submit some (unspecified) documentation. True and correct copies of three of these letters are submitted herewith as **Exhibit H**.

13. Because the statements about my purported failure to pay or provide information were obviously false, I initially assumed that the letters were an innocent mistake. I diligently responded to and rebutted the false assertions, communicating with Saxon representatives over the phone and transmitting proof of prior payments. I carefully tracked and documented these communications. In telephone conversations, Saxon representatives repeatedly acknowledged that I had indeed made all payments and told me to keep making the trial payments while they attempted to resolve the matter, which I did. Altogether, I believe I continued making trial payments of $1328.63 each month from June of 2009 through June of 2010, a total of 13 such trial payments.

14. In retrospect, do not believe that Saxon ever made any good faith effort to resolve its mistakes regarding my compliance with the trial plan, or to give me the loan modification it promised. On January 26, 2011, for example, it sent me another letter falsely reiterating that I had failed to make my trial payments, but also admitting *in the same short letter* that I had indeed made trial payments until July, 2010. *See* **Exhibit H**. This made it apparent that Saxon had no intention

- 2 -
DECLARATION OF PLAINTIFF MARIE GAUDIN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
GAUDIN VS. SAXON MORTGAGE, CASE NO. 3:11-CV-01663 JTS

of granting me the loan modification, no matter what I did. Having exhausted my options in dealing with Saxon, I began to seek out counsel because I felt I was being unfairly and illegally treated.

15. I decided to seek to pursue my claims as a class action lawsuit because I want resolution and justice for other persons who have been similarly treated by Saxon. Also, I could not possibly afford to pay a lawyer to bring this suit on my own.

16. I would not have sent or continued to send trial payments to Saxon if I had known I was being deceived.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed this __th day of April, 2013 at San Francisco, California.

```
                                    see attached
```
_____

MARIE GAUDIN

```
    The filer attests the concurrence of the signatory,
    whose signature page is attached. /s/ Peter Fredman,Esq.
```

1  of granting me the loan modification, no matter what I did. Having exhausted my options in
2  dealing with Saxon, I began to seek out counsel because I felt I was being unfairly and illegally
3  treated.

4    15.    I decided to seek to pursue my claims as a class action lawsuit because I want
5  resolution and justice for other persons who have been similarly treated by Saxon. Also, I could not
6  possibly afford to pay a lawyer to bring this suit on my own.

7    16.    I would not have sent or continued to send trial payments to Saxon if I had known I
8  was being deceived.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed this 12th day of April, 2013 at San Francisco, California.

_____
MARIE GAUDIN