UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE GAUDIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SAXON MORTGAGE SERVICES, INC.,<br><br>    Defendant. | Case No. 11-cv-01663-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 86 |

Defendant moves to file under seal exhibits to declarations supporting its opposition to class certification, and to redact portions of the memorandum in support of its opposition which refer to those exhibits. ECF No. 86 ("Motion"). Defendant has filed a declaration in support of sealing certain material. Declaration of Veronica Monsivais ("Monsivais Decl."), ECF No. 86-1. Plaintiff has not filed any declaration in support of sealing, and the time for doing so has now passed. See Civil Local Rule 79-5(d). The Court hereby GRANTS IN PART AND DENIES IN PART Defendant's Motion.

I.    **LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) establishes that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only

of sealable material." Civil L.R. 79-5(a). "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Id. Additional requirements apply depending on whether the party seeks to seal an entire document, only portions of a document, or a document that was designated as confidential by another party. See Civil L.R. 79-5(b)-(d).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d 1172 at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179. Courts in this District have applied the "compelling reasons" standard to sealing requests concerning any motions that "cannot fairly be characterized as 'unrelated, or only tangentially related, to the underlying cause of action.'" See, e.g., Apple, Inc. v. Samsung Electronics Co., 2012 WL 2936432, at *2 (N.D. Cal. July 18, 2012) (applying "compelling reasons" standard to a sealing request because the preliminary injunction motion to which it related "implicate[s] the very core of Apple's claims and Apple's desired relief in bringing suit against Samsung"); Fujitsu Ltd. v. Belkin Int'l, Inc., 2012 WL 6019754, at *6-7 (N.D. Cal. Dec. 3, 2012) (applying a 'compelling reasons' standard to pretrial motions related to the merits of the case).

On the other hand, when a party seeks to file previously sealed discovery materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. at 1179 (citation and internal quotation marks omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or

2

1 person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.
2 26(c).

3 A district court must "articulate [the] . . . reasoning or findings underlying its decision to
4 seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011) cert. denied, 132 S. Ct.
5 2374 (U.S. 2012).

## II. DISCUSSION

The "vast majority" of courts in this Circuit apply the "good cause" standard to motions for class certification. In re High- Tech Employee Antitrust Litig., 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013). The Court agrees that this is the proper standard, because class certification is not a dispositive motion, and because the issues addressed in a class certification motion are often only tangentially related to the underlying cause of action.

In its declaration, Defendant maintains that certain of the material contains customer data and sensitive internal commercial information. Monsivais Decl. The Court concludes that there is good cause to seal this material, since exposing it to the public would subject Defendant to undue burden or expense. The Court concludes that, for this reason, the material is "entitled to protection under the law," and further concludes that Defendant's proposal is "narrowly tailored to seek sealing only of sealable material," satisfying the requirements of Civil Local Rule 79-5(a).

The Motion also seeks to seal an exhibit to the Declaration of Laila Abou-Rahme in Opposition to Plaintiff's Motion for Class Certification and Appointment of Class Counsel. This information was apparently designated confidential by Plaintiff, but Plaintiff has filed no declaration in support of sealing, and the time to do so has now passed. See Civil Local Rule 79-5(d). Therefore, that document "will be made part of the public record." Id.

//
//
//
//
//
//

### III. CONCLUSION

The Court hereby GRANTS the Motion insofar it seeks to seal documents identified as protectable by Defendant in the Monsivais Declaration, and to redact references to those documents. The Court hereby DENIES the Motion insofar as it seeks to file Exhibit 4 to the Abou-Rahme Declaration under seal. Pursuant to Civil Local Rule 79-5(e), Plaintiff shall re-submit its opposition to class certification and supporting material to conform with this order.

**IT IS SO ORDERED**.

Dated: June 11, 2013

_____
JON S. TIGAR
United States District Judge