Daniel J. Mulligan (Cal. State Bar No. 103129)
JENKINS MULLIGAN & GABRIEL LLP
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131
Telephone: 415-982-8500

Peter B. Fredman (Cal. State Bar No. 189097)
LAW OFFICE OF PETER FREDMAN
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
peter@peterfredmanlaw.com

Attorneys for Plaintiff MARIE GAUDIN,
for herself and persons similarly situated

John B. Sullivan (State Bar No. 96742)
Erik Kemp (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344

Jeffrey Q. Smith (not yet admitted Pro Hac Vice)
Laila Abou-Rahme (Pro Hac Vice)
laila.abou-rahme@bingham.com
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY  10022
Telephone:  (212) 705-7000

Attorneys for Defendant
SAXON MORTGAGE SERVICES, INC.

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE GAUDIN, individually, and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAXON MORTGAGE SERVICES, INC. a Texas corporation, and Does 1-100,<br><br>　　　　　Defendants. | Case No. C 11-1663-JST<br><br>**CLASS ACTION**<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Hon. Jon S. Tigar<br><br>Date:  August 14, 2013<br>Time 2:00 p.m.<br>Courtroom 9 |

1

Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

Pursuant to the Order of June 15, 2013 [Dkt. 97] and having met and conferred on these matters, the parties hereby submit the following Joint Case Management Statement. As described in item "j" below, the parties agree that there is no need for an immediate case management conference, pending the court's ruling on certification. The parties note that the Court currently has scheduled a Case Management Conference for August 14, 2013. The parties respectfully submit that such conference is unnecessary absent a ruling from the Court on the pending Motion for Class Certification, after which the priorities of and issues related to case management will be more readily apparent to the Court and to the parties.

**a.    Date the Case Was Filed**

The case was filed on April 4, 2011.

**b.    List or Description of Each Party**

The parties are the Plaintiff Marie Gaudin ("Plaintiff"), on behalf of herself and as putative class representative, and Defendant Saxon Mortgage Services, Inc. ("Saxon"). The First Amended Complaint ("FAC") also names "Doe" defendants based on Plaintiff's allegation that Saxon is the servicer of class member loans for various investment entity principals.

**c.    Summary of Claims**

Plaintiff brings four claims: (1) Breach of Contract (including covenant of good faith); (2) Restitution/rescission; (3) Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("Rosenthal Act"); and (4) Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"). There are no counter-claims, cross-claims, or third party claims.

ACCORDING TO PLAINTIFF: The principal legal issues presented are (1) whether the Trial Period Plan ("TPP") was a binding, enforceable contract; and (2) if so, interpretation of the TPP contract; (3) or, if not, whether the transmission of the TPP was "debt collection" and "false, deceptive, or misleading" under the Rosenthal Act or (4) a "fraudulent" or "unfair" business practice under the UCL.

ACCORDING TO DEFENDANT: The threshold legal issue is whether a class can be certified in this case, which Defendant believes it cannot, and whether the named Plaintiff can

2

Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

1  satisfy the requirements of Rule 23(a), which Defendant believes she cannot.  According to
2  Defendant, Plaintiff's legal issues 1-4 enumerated above do not render certification of a class
3  appropriate in this case for all the reasons set forth in Defendant's Opposition to Plaintiff's
4  Motion for Class Certification, including that liability cannot be determined without an
5  individual inquiry, common questions do not predominate, the Plaintiff cannot adequately
6  represent the interests of the class, Plaintiff's claims are not typical of the class, and Plaintiff has
7  not demonstrated the superiority of a class action in this case.  Defendant also disputes
8  Plaintiff's claims on the merits and as a matter of law, asserts that Plaintiff's enumerated legal
9  issues (1), (3), and (4) above should each be answered in the negative and, with respect to
10 Plaintiff's issue (2) above, Defendant asserts that, even if the TPP were a contract, which it is
11 not, Plaintiff failed to meet the requirements on the face of the TPP under any interpretation.
12 Defendant also believes this lawsuit should be dismissed on summary judgment because, among
13 other things, (1) Plaintiff clearly did not meet the requirements on the face of the TPP, and
14 (2) the Home Affordable Modification Program ("HAMP") was implemented by the U.S.
15 Department of Treasury, Saxon's participation in HAMP was pursuant to a contract between
16 Saxon and the U.S. Department of Treasury, Saxon did not have discretion to ignore the
17 requirements of HAMP, and Saxon's conduct was in compliance with HAMP's directives and
18 with Saxon's contractual obligations to the U.S. Department of Treasury.

**d.      Brief Description of Underlying Events**

ACCORDING TO PLAINTIFF:  Plaintiff, a distressed mortgage borrower, and Saxon, her mortgage servicer, entered into what Plaintiff alleges appeared to be a contract, the TPP, aimed at providing her with an income-based loan modification under the Home Affordable Modification Program  ("HAMP").  Plaintiff alleges that she complied with the TPP, including making the trial period payments, but that Saxon failed to comply with its obligations under the TPP, and that she was wrongfully denied a loan modification.  Plaintiff contends that the TPP was a contract that obligated Saxon to provide a permanent HAMP mortgage modification upon satisfaction of the terms and conditions stated therein. Alternatively, Plaintiff contends that

3

Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

Saxon's use of the TPPs to collect on delinquent mortgage debts was deceptive because, from the viewpoint of the consumer borrower, the TPP appeared to (1) represent that Plaintiff qualified for loan modification and (2) promise her one if she complied with the TPP, when, in fact, Saxon lacked that intention.

ACCORDING TO DEFENDANT:  Saxon contends the TPP was not a contract, a permanent modification, or an unconditional commitment by Saxon to provide a permanent modification.  Saxon further disputes Plaintiff's allegation of compliance with the TPP.  Saxon asserts that Plaintiff did not qualify for permanent modification under HAMP or the requirements on the face of the TPP and that, therefore, the terms of HAMP and the TPP itself expressly did not permit Saxon to permanently modify Plaintiff's loan.  Saxon also contends that Plaintiff's statutory claims are deficient because, among other reasons, Saxon is not a "debt collector," an offer to consider a permanent loan modification does not constitute an unlawful debt collection effort, and Plaintiff has not demonstrated that the TPP or any related communication was false, deceptive or misleading.  In addition, Saxon disputes Plaintiff's contention above that Plaintiff has alleged that "the TPP was a contract that obligated Saxon to provide a permanent HAMP mortgage modification upon satisfaction of the terms and conditions stated therein."  In fact, Plaintiff's Complaint clearly admits that Plaintiff had to (1) satisfy "all the conditions set forth in the TPP document . . . **and**" (2) "qualif[y] for a permanent loan modification under objective standards set forth in the HAMP program." Compl. ¶¶ 4, 29-30 (emphasis added).

e.     **Description of Relief Sought**

Plaintiff, on behalf of herself and the putative class, seeks:

- **For breach of contract,** nominal damages (amount TBD) and refund of Plaintiff's trial payments ($17,264 (=$1328/mo. x 13 mos.)) *or, alternatively,* contractual benefit of bargain damages measured by the present value of the permanent modification option at the time Plaintiff would have received it had Saxon performed its obligations under the TPP (amount to be decided through expert opinion).

4

Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

- **For restitution/rescission,** restitution of Plaintiff's trial payments ($17,264 (=$1328/mo. x 13 mos.)).
- **For Rosenthal Act violation**, of $1000 and Plaintiff's trial payments ($17,264 (=$1328/mo. x 13 mos.)) plus statutory damages plus the maximum statutory damages of $500,000 if the case is certified as a class action.
- **For UCL,** restitution of Plaintiff's trial payments ($17,264 (=$1328/mo. x 13 mos.)) and such orders or judgments as may be necessary to prevent the practice which constitutes unfair competition.

ACCORDING TO DEFENDANT: Saxon denies that Plaintiff has sustained any injury or damages, and disputes Plaintiff's computation of damages, as well as Plaintiff's ability to compute damages on a class-wide basis or using a common formula or method. Among other things, Plaintiff does not deny that the payments she made under the TPP were for amounts that were <u>less than</u> the payments she owed under the terms of her mortgage loan, and Plaintiff cannot demonstrate any actual damages she suffered as a result of the payments she made under the TPP. Saxon also maintains that, even if the case is certified as a class action, plaintiffs cannot demonstrate damages in the amount of $500,000 under the Rosenthal Act, which is merely a cap on the <u>maximum</u> amount a plaintiff or plaintiffs may recover and not an automatic entitlement to $500,000.

**f.     Status of Discovery**

The parties have worked under the general principle that discovery prior to class certification should be limited to issues relevant to class certification to the extent that is practical. Both parties have served discovery requests, and both parties have served responses and objections. Both parties have produced documents. Both parties have taken depositions. Defendant took the deposition of the named Plaintiff, Marie Gaudin, on October 16, 2012. Plaintiff took Rule 30(b)(6) depositions of five Saxon witnesses on December 19 and 20, 2012.

The parties have met and conferred on various discovery issues, and are prepared to meet and confer on a further discovery plan in the event a class is certified in this action.

5

Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

g.  **Procedural History**

The procedural history of the case thus far is summarized as follows:

- On April 6, 2011, Plaintiff filed the initial complaint.
- On May 20, 2011, Saxon filed a motion to dismiss the original complaint.
- On July 11, 2011, the Court ordered further briefing regarding bankruptcy standing.
- On August 22, 2011, the Court granted Saxon's motion to dismiss in its entirety, with leave to amend.
- On September 12, 2011, Plaintiff filed the FAC, which Saxon moved to dismiss on October 13, 2011.
- On November 3, 2011, the Court held a hearing on the motion to dismiss the FAC and the Court held a Case Management Conference.
- On November 17, 2011, the Court denied the motion to dismiss the FAC in its entirety.
- On December 7, 2011, Saxon filed its Answer to the FAC.
- On January 5, 2012, Plaintiff served Rule 26 disclosures.
- On January 11, 2012, Saxon served Rule 26 disclosures.
- On January 19, 2012, the Court held a Case Management Conference.
- On August 2, 2012, the Court held a Case Management Conference.
- On August 6, 2012, the Court scheduled a hearing for the Motion for Class Certification on March 28, 2013.
- On December 4, 2012, the Court rescheduled the hearing for the Motion for Class Certification to June 20, 2013 and set a briefing schedule.
- The class certification hearing was held on June 20, 2013.

The parties have stipulated to engage in a formal ADR process after the ruling on the Motion for Class Certification.

6

Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

1    ACCORDING TO DEFENDANT: Defendant made an offer of settlement to the named
2 Plaintiff, Marie Gaudin. Plaintiff rejected that offer and did not counter with a demand. There
3 have been no further settlement discussions.

4    ACCORDING TO PLAINTIFF: On February 1, 2012, by email, Saxon offered to
5 resolve this litigation by providing Ms. Gaudin with a loan modification. No provision was
6 made in the offer for her attorney fees or for the putative class. The offer expired by its terms
7 on February 9, 2012.

8 **h.    Pending and Requested Modification of Deadlines**

9    There are no pending deadlines the parties seek to change, excepting, as described above
10 and in "j" below, the parties request that the Court consider adjourning the August 14, 2013
11 Case Management Conference until such time as it has ruled on the Motion for Class
12 Certification.

13 **i.    Whether the Parties Consent to a Magistrate Judge for Trial**

14    All parties do <u>not</u> consent to have a magistrate judge for trial.

15 **j.    Whether There Exists a Need for an Immediate Case Management Conference**

16    There is no need for an immediate Case Management Conference, pending the court's
17 ruling on certification.

18 **k.    Statement of Any Immediate Relief Sought Regarding the Case Schedule**

19    None.

20 **l.    Additional Information Required by November 27, 2012 Standing Order**

21    The following additional information is provided in accordance with the Standing Order
22 regarding the contents of a Joint Case Management Statement:

23    **1) Jurisdiction and Service**

24    This Court has jurisdiction. No parties remain to be served.

25    **2) Amendment of Pleadings**

26    Plaintiff does not expect to amend the pleadings or add any claims or defenses at this
27 time. Since the inception of this litigation, Saxon's parent company, Morgan Stanley, has sold

7

---
Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

certain of Saxon's servicing assets to a third party.  Following discovery regarding this transaction, Plaintiff may seek to amend the pleadings to add defendants as necessary to ensure that all necessary entities are parties to this litigation.

Defendant believes that the Court should not permit any further amendment of the pleadings.  Defendant reserves its rights to raise all defenses available to it or that become available to it through discovery or otherwise.

### 3) Evidence Preservation

The parties have made efforts to preserve emails, audio records, and other documents relevant to the claims and defenses in this action.

### 4) Related Cases

JOINT STATEMENT: There are no related cases within the meaning of Civil Local Rule 3-12.

ACCORDING TO PLAINTIFF:  There are several cases involving very similar (if not identical) TPP forms and legal issues, including *Corvello/Lucia vs Wells Fargo Bank*, Ninth Circuit Docket Nos. 11-16234/11-16242, which is still pending, after argument, before the Ninth Circuit.

ACCORDING TO DEFENDANT:  The District Court in *Corvello/Lucia vs Wells Fargo Bank*, Ninth Circuit Docket Nos. 11-16234/11-16242 dismissed plaintiffs' case without leave to amend.  Plaintiffs in that litigation have appealed that dismissal to the Ninth Circuit.  A Ninth Circuit reversal of the District Court's dismissal would have no bearing on this case because this Court has already upheld Plaintiff's FAC.  If, on the other hand, the Ninth Circuit affirms the District Court's dismissal, Defendant reserves the right to move for reconsideration of its motion to dismiss Plaintiff's FAC.

### 5) Other References

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

8

Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

**6) Narrowing of Issues**

None at this time.

**7) Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**8) Trial**

Plaintiff demands trial by jury on all issues so triable. The parties believe that it is premature to estimate the expected length of trial pending the rulings on class certification and subsequent Rule 56 motions that may narrow the issues considerably.  Plaintiff believes that even the full jury trial of a certified class action on all issues will be relatively short, no more than perhaps 5-7 days of evidence.

Defendant believes that if this case is a trial of only the named Plaintiff's claims, the estimate of time provided by Plaintiff may be reasonable.  If, however, this case proceeds as a class action, Defendant believes it will be a complicated and very length trial, but is unable to estimate the length of trial at this time.

**9) Disclosure of Non-party Interested Entities or Persons**

Pursuant to Local Civil Rule 3-16, Saxon filed a Certificate of Interested Entities on May 20, 2011.

Saxon Mortgage Services, Inc. is a wholly owned subsidiary of SCI Services, Inc., which in turn is a wholly owned subsidiary of Saxon Capital Holdings, Inc., which in turn is a wholly owned subsidiary of Saxon Capital, Inc., which in turn is a wholly owned subsidiary of Morgan Stanley Mortgage Capital Holdings LLC, which in turn is a wholly owned subsidiary of Morgan Stanley, a publicly-held corporation. No other publicly-held corporation owns 10% or more of Saxon Mortgage Services, Inc. stock.

Morgan Stanley is a publicly-held corporation that has no parent corporation. Based on Securities and Exchange Commission Rules regarding beneficial ownership, State Street Corporation ("State Street"), State Street Financial Center, One Lincoln Street, Boston

Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

1  Massachusetts 02111, beneficially owned 11.1% of Morgan Stanley's outstanding common
2  stock (based on a Schedule 13G filed under the Securities Exchange Act of 1934 (the
3  "Exchange Act") on February 12, 2010 by State Street (the "State Street Schedule 13G")). As
4  reported in the State Street Schedule 13G, all of the securities are beneficially owned by State
5  Street and its direct or indirect subsidiaries in their various fiduciary and other capacities.

6  According to a Schedule 13D filed under the Exchange Act on October 23, 2008, as
7  amended on October 30, 2008, May 22, 2009, June 11, 2009, April 1, 2010, May 3, 2010 and
8  November 9, 2010 (together, the "MUFG Schedule 13D") by Mitsubishi UFJ Financial Group,
9  Inc. ("MUFG"), 7-1 Marunouchi 2-chome, Chiyoda-ku, Tokyo 100-8330, MUFG beneficially
10  owned 19.73% of Morgan Stanley's outstanding common stock (assuming full conversion of all
11  of the shares of Series B Preferred Stock held by MUFG at the Initial Conversion Price and
12  further assuming no conversion of any other securities not beneficially owned by MUFG that
13  are convertible or exchangeable into shares of Morgan Stanley common stock).

14  According to a Schedule 13G filed under the Exchange Act on June 18, 2010 (the "CIC
15  Schedule 13G") by China Investment Corporation ("CIC") and Best Investment Corporation
16  ("Best"), New Poly Plaza, No. 1 Chaoyangmen Beidajie, Dongcheng District, Beijing 100010,
17  People's Republic of China, CIC beneficially owned 11.64% of Morgan Stanley's outstanding
18  common stock, of which CIC's wholly owned subsidiary, Best, beneficially owned 8.63% of
19  Morgan Stanley's outstanding common stock. According to the CIC Schedule 13G, the shares
20  of common stock beneficially owned by CIC are held by wholly owned subsidiaries, including
21  Best.

22  Morgan Stanley sold a substantial portion of SMSI's mortgage servicing rights to Ocwen
23  Financial Corporation on April 2, 2012, and has initiated actions to transfer or terminate all of
24  SMSI's other servicing obligations.

25  **10) Such other matters as may facilitate the just, speedy and inexpensive disposition**
26  **of this matter**

27  See discussion re *Corvello/Lucia* in ¶ 4.

10

_____
Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2

DATE:  August 2, 2013             JENKINS MULLIGAN & GABRIEL LLP
                                  LAW OFFICE OF PETER FREDMAN


                                  By: /s/ Daniel J. Mulligan
                                  _____
                                      DANIEL J. MULLIGAN
                                      Attorneys for Plaintiff,
                                      MARIE GAUDIN


DATE:  August 2, 2013             SEVERSON & WERSON,
                                  a Professional Corporation


                                  By: /s/ Erik Kemp
                                  _____
                                      ERIK KEMP
                                      Attorneys for Defendant,
                                      SAXON MORTGAGE SERVICES, INC.


DATE:  August 2, 2013             BINGHAM MCCUTCHEN LLP


                                  By: /s/ Laila Abou-Rahme
                                  _____
                                      LAILA ABOU-RAHME
                                      Attorneys for Defendant,
                                      SAXON MORTGAGE SERVICES, INC.

Joint Case Management Statement
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75662540.2