Daniel J. Mulligan (Cal. State Bar No. 103129)
JENKINS MULLIGAN & GABRIEL LLP
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131
Telephone: 415-982-8500

Peter B. Fredman (Cal. State Bar No. 189097)
LAW OFFICE OF PETER FREDMAN
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
peter@peterfredmanlaw.com

Attorneys for Plaintiff MARIE GAUDIN,
for herself and persons similarly situated

John B. Sullivan (State Bar No. 96742)
Erik Kemp (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344

Jeffrey Q. Smith (not yet admitted Pro Hac Vice)
Laila Abou-Rahme (Pro Hac Vice)
laila.abou-rahme@bingham.com
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY  10022
Telephone:  (212) 705-7000

Attorneys for Defendant
SAXON MORTGAGE SERVICES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE GAUDIN, individually, and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SAXON MORTGAGE SERVICES, INC. a Texas corporation, and Does 1-100, <br><br> Defendants. | Case No. C 11-1663-JST <br><br> **CLASS ACTION** <br><br> STIPULATION AND PROPOSED ORDER REGARDING CLASS NOTICE PLAN <br><br> Hon. Jon S. Tigar <br><br> Date:  November 25, 2013 <br> Time 2:00 p.m. <br> Courtroom 9 |

1

Stipulation and Proposed Order re Class Notice
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75831794.2                                                                 DRAFT 11/14/13 3:45PM

1   Plaintiff Marie Gaudin ("Plaintiff"), on behalf of herself and the certified  class of

2   persons similarly situated ("Class"), and Defendant Saxon Mortgage Services, Inc. ("Saxon"),

3   having met and conferred on these matters, the parties hereby submit the following stipulation

4   and proposed order (which shall also serve, as necessary, as the joint statement for the Case

5   Management Conference Statement on November 25, 2013):

6   **INTRODUCTION**

7   On August 5, 2013, the Court issued an Order Granting the Motion for Class

8   Certification.

9   On August 20, 2013, Saxon filed a petition to appeal the Order pursuant to Rule 23(f)

10   (the "Petition"). As of this filing the Ninth Circuit has not acted on the Petition.

11   On September 18, 2013, the Court ordered the parties to meet and confer regarding the

12   form of class notice, notice plan, any formal or informal discovery required to deliver notice to

13   the class and file a stipulation and proposed order thereon *or to* identify any disputes between

14   the parties and set November 25, 2013 for a Further Case Management Conference if necessary.

15   Having done so, the parties report on the matters subject to stipulation and those subject

16   to dispute, as follows:

17   **MATTERS REQUIRING COURT RESOLUTION**

18   **1.      Class List**

19   Saxon has supplied a Class List that includes the names and last known mortgage and

20   billing addresses of each Class member.

21   **Plaintiff contends** that the list should also include Class member social security

22   numbers (for skip tracing purposes) and last known telephone number(s) (for contact purposes).

23   Plaintiff is amenable to Saxon's retaining the social security numbers until they are needed for

24   skip tracing purposes provided they are immediately available upon request. Plaintiff contends,

25   however, that Class Counsel is entitled to the telephone numbers for the purposes of contacting

26   Class members in connection with the prosecution of the case. The provision of such

27   

A/75831794.2                                                    DRAFT 11/14/13 3:45PM

1   information is routine in the class context, particularly where, as here, the Class has been

2   certified. *See Ellis v. Costco Wholesale Corp.,* 2012 U.S. Dist. LEXIS 169894, *6 (N.D. Cal.

3   Nov. 29, 2012) (listing cases); *Khalilpour v. Cellco P'ship*, 2010 U.S. Dist. LEXIS 43885, *9

4   (N.D. Cal. Apr. 1, 2010) (listing cases).

5        **Saxon objects** to providing prospective Class members' social security numbers and

6   telephone numbers.  Absent a Court Order, Saxon is not authorized to release this information to

7   a third party notwithstanding the Protective Order in this case.  In particular, the privacy

8   interests of the prospective Class members outweigh the value of disclosing the information to

9   Plaintiff's counsel.

10        First, Saxon has provided Plaintiff's counsel (and is continuing to check and update) the

11   most current addresses available in its records for prospective Class members.  Plaintiff has not

12   even determined whether there is a need for more up-to-date addresses or whether this need

13   applies to a few or many Class members.  To provide Plaintiff's counsel with more than 2,700

14   social security numbers and telephone numbers would be a "needless intrusion into the privacy

15   of these individuals and their families."  *Stickle v. SCI Western Mkt. Support Ctr., L.P.*, No. 0-

16   083-PHX-MHM, 2009 U.S. Dist. LEXIS 97735, at *24 (D. Ariz. Sept. 30, 2009).  Plaintiff's

17   counsel has not demonstrated a need that outweighs such a massive intrusion into individuals'

18   privacy.  While the Protective Order arguably protects the information, it does not obviate the

19   need to balance whether any disclosure of such private information is warranted under the

20   circumstances.  It is not.  The Protective Order also does not insulate Saxon from any claims by

21   the prospective class members that Saxon violated their privacy by providing their social

22   security number and telephone number without their prior authorization.

23        Second, Plaintiff's counsel has known since before class discovery began that Saxon is

24   no longer the servicer for any of the prospective Class members' loans and that, therefore,

25   Saxon may not have the most current information with respect to these individuals.  Saxon also

26   recently provided Plaintiff's counsel with a list of the date of the transfer of servicing rights for

27

3

Stipulation and Proposed Order re Class Notice
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75831794.2                                                        DRAFT 11/14/13 3:45PM

each loan and the identity of the servicer to whom each loan was transferred.  Plaintiff's counsel could have issued -- and still can -- a subpoena for this information from the individuals' current servicers.  If Plaintiff's counsel has a real need for this information, which is far from certain, a subpoena on the prospective Class members' **current** servicers is the more appropriate route to obtain this information.  At most, any social security numbers Saxon is required to provide should be limited to those class members whose notices are returned as undeliverable.

## **STIPULATED MATTERS**

**1.      Class Notice**

The parties stipulate to Class Notice in the form attached hereto as **Exhibit A**.

**2.      Class Website**

The parties stipulate to further notice via the internet in the form attached hereto as **Exhibit B**.

**3.      Notice Administrator**

The parties stipulate to Gilardi & Co. as the Notice Administrator. Its firm resume is attached as **Exhibit C**.

**4.      Notice Schedule**

The parties stipulate to January 10, 2014 as the *tentative* deadline for completion of the initial notice mailing if the Ninth Circuit denies the Petition by January 6, 2014.

The parties further stipulate that, in the event the Ninth Circuit grants the Petition or fails to act on the Petition by January 6, 2014, notice will be delayed to allow the parties to meet and confer and bring any disputed matters to the Court.

**5.      Notice Plan**

    a.   The Class Notice will be delivered by first class mail to each Class Member address on the Class List as updated through the United States Post Office's National Change Of Address (NCOA) database.

4

Stipulation and Proposed Order re Class Notice
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75831794.2                                                                                              DRAFT 11/14/13 3:45PM

b.  For any such mailings that are returned as undeliverable, the Class Member shall be subject to skip tracing by the Notice Administrator for a more current address.

c.  The Notice Administrator shall then promptly engage in a secondary mail of the Class Notice to the extent better addresses are found.

d.  Class Members shall have 60 days from the initial mailing to "opt out" of the Class by mailing or emailing a request for exclusion to the Notice Administrator as indicated on the Class Notice form except that this period shall be extended 30 days for recipients of the secondary mailing.

e.  Any requests for exclusion postmarked by the deadline shall be deemed timely.

f.  In addition, the Notice Administrator will publish the Class Website, where the Class Notice will be available for download as indicated above.

**IT IS SO STIPULATED**

DATE:  November 14, 2013          JENKINS MULLIGAN & GABRIEL LLP
                                 LAW OFFICE OF PETER FREDMAN

                                 By: /s/ Peter Fredman
                                 _____
                                 PETER FREDMAN
                                 Attorneys for Plaintiff,
                                 MARIE GAUDIN

DATE:  November 14, 2013          SEVERSON & WERSON,
                                 a Professional Corporation

                                 By: /s/ Erik Kemp
                                 _____
                                 ERIK KEMP
                                 Attorneys for Defendant,
                                 SAXON MORTGAGE SERVICES, INC.

DATE:  November 14, 2013          BINGHAM MCCUTCHEN LLP

                                 By: /s/ Laila Abou-Rahme
                                 _____
                                 LAILA ABOU-RAHME
                                 Attorneys for Defendant,
                                 SAXON MORTGAGE SERVICES, INC.

5

_____
Stipulation and Proposed Order re Class Notice
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75831794.2                                    DRAFT 11/14/13 3:45PM

## <u>ORDER</u>

1.      The stipulated matters and forms are hereby approved.

2.      With respect to social security numbers and telephone numbers, the Court orders
as follows:

3.      With respect to the November 25, 2013 Further Case Management Conference,
the Court orders as follows:

**IT IS SO ORDERED**

Date:_____                    _____
                                        Hon. Jon S. Tigar
                                        U.S. District Court Judge

6

_____
Stipulation and Proposed Order re Class Notice
Gaudin vs. Saxon Mortgage Services, Inc. - C 11-1663-JST

A/75831794.2                                                    DRAFT 11/14/13 3:45PM