UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE GAUDIN,<br><br>    Plaintiff,<br><br>v.<br><br>SAXON MORTGAGE SERVICES, INC.,<br><br>    Defendant. | Case No. 11-cv-01663-JST<br><br>**ORDER ADOPTING PARTIES' STIPULATIONS; ORDERING SAXON TO PROVIDE HOME TELEPHONE AND SOCIAL SECURITY NUMBER INFORMATION FOR CLASS MEMBERS TO PLAINTIFFS' COUNSEL; VACATING NOVEMBER 25, 2013 CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 109 |

    The Court approves the parties' stipulations regarding Class Notice, further notice via the internet as through a Class Website, and selection of Gilardi & Co. as the Notice Administrator. ECF No. 109, and Exhibits A & B thereto.

    The lone dispute contained in the parties' Stipulation and Proposed Order Regarding Class Notice Plan, ECF No. 109, concerns the class members' home telephone and Social Security numbers, both of which are in the possession of defendant Saxon.  Plaintiffs' counsel requests an order requiring Saxon to produce this information, to ensure that notice to the class is as effective as possible; Saxon argues that "the privacy interests of the prospective Class members outweigh the value of disclosing the information to Plaintiff's counsel." ECF No. 109 at 3.

    The clear weight of authority in this district supports an order requiring defendant Saxon to provide the Social Security numbers and home telephone numbers of class members, subject to a protective order.  See, e.g., Ellis v. Costco Wholesale Corp., 2012 U.S. Dist. LEXIS 169894, 6 (N.D. Cal. Nov. 29, 2012) (requiring defendant to provide Social Security numbers and home telephone numbers for class members; collecting cases); ECF No. 58 (protective order).  Nor does Defendant's authority counsel otherwise.  Its lone, out-of-district case involved an opt-in class

1 under the FLSA rather than the opt-out class at issue here. Stickle v. SCI Western Mkt. Support Ctr., L.P., 2009 U.S. Dist. LEXIS 97735, 24 (D. Ariz. Sept. 30, 2009). More significantly, in Stickle Judge Murgia concluded that telephone and Social Security information was unnecessary because notice would be accomplished using first class mail. Id. at *24.

Here, by contrast, defendant Saxon concedes that, because it is no longer the servicer for any of the prospective class members' loans, "[it] may not have [class members'] most current information," so first class notice may not be effective. ECF No. 109 at 3. To cure this problem, rather than provide class members' home telephone and Social Security information, Saxon proposes to require plaintiffs' counsel to undertake the unnecessary, cumbersome and inefficient process of issuing subpoenas to each of the class members' current loan servicers. Id. The advantages of this approach are not apparent; were the Court to follow this approach, plaintiffs' counsel would still obtain the same personal information regarding potential class members, but only after a potentially significant delay and expense.

Weighing plaintiffs' counsel's need for the information, the minimal intrusion on the class members' privacy interests given the existence of the protective order, and the inefficiency and expense of the alternatives, the Court will order Saxon to provide home telephone and Social Security number information for class members to plaintiffs' counsel.

The Court hereby VACATES the case management conference currently scheduled for November 25, 2013.

**IT IS SO ORDERED.**

Dated: November 18, 2013

_____
JON S. TIGAR
United States District Judge