Daniel J. Mulligan (State Bar No. 103129)
JENKINS MULLIGAN & GABRIEL LLP
10085 Carroll Canyon Rd., Ste. 210
San Diego, CA 92131
Telephone (415) 982-8500
Facsimile: (415) 982-8515
dan@jmglawoffices.com

Peter B. Fredman (State Bar No. 189097)
LAW OFFICE OF PETER FREDMAN PC
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peter@peterfredmanlaw.com

Attorneys for Plaintiff
MARIE GAUDIN, individually,
and on behalf of others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE GAUDIN, individually, and on behalf of others similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>SAXON MORTGAGE SERVICES, INC.,<br>A Texas corporation,<br><br>            Defendants. | Case No. C 11-01663-JST<br><br>**CLASS ACTION**<br><br>(proposed) ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Hearing Date: 5/14/2015<br>Hearing Time: 2 p.m.<br>Courtroom 9, 19th Floor, SF<br>Hon. Jon S. Tigar |

1      WHEREAS, pursuant to this Court's order granting class certification on or about August
2  5, 2013 (the "Certification Order"), Plaintiff Marie Gaudin ("Plaintiff") and her attorneys of record
3  ("Class Counsel") represent a certified class of California borrowers who entered into a Home
4  Affordable Modification Program ("HAMP") Trial Period Plan ("TPP") with Defendant Saxon
5  Mortgage Service Inc. ("Saxon") effective on or before October 1, 2009, and made at least three
6  trial period payments, but did not receive HAMP loan modifications (the "Class");
7      WHEREAS, Plaintiff and Saxon have agreed, subject to Court approval following notice to
8  the Class and a hearing, to settle this matter pursuant to the terms of the Settlement Agreement and
9  Release entered March 10, 2015 (the "Settlement Agreement");
10     WHEREAS, the Court has considered the Settlement Agreement, together with all exhibits
11 thereto, the record in this case, and the briefs and arguments of counsel;
12     WHEREAS, Plaintiff has applied for an order granting preliminary approval of the
13 Settlement Agreement, and the Court has held a hearing and considered the application and
14 supporting papers (the "Preliminary Approval Hearing");
15     NOW, THEREFORE IT IS HEREBY ORDERED:
16     1.   The Court preliminarily approves the Settlement Agreement filed by the parties (*see*
17 Dkt. No. 129) and the settlement set forth therein.
18     2.   A hearing (the "Settlement Hearing") shall be held on _____, 2015 at
19 _____, in Courtroom 9 of the United States District Court, located at 450 Golden Gate Ave.,
20 San Francisco, California, to determine whether the proposed settlement is fair, reasonable and
21 adequate to the Class and should be approved by the Court; whether a final judgment should be
22 entered herein; whether the proposed Plan Of Distribution of the settlement proceeds should be
23 approved; and to determine the amount of attorney fees and expenses that should be awarded to
24 Class Counsel and the amount of any service award that should be awarded to the representative
25 Plaintiff. The Court may adjourn or continue the Settlement Hearing without further notice to the
26 members of the Class. At the Settlement Hearing, the Court may approve the settlement, with such
27 modifications as may be agreed to by the settling parties, if appropriate, without further notice to
28 the Class.

3. The Court preliminarily approves the form and content of the proposed notice of settlement to the Class ("Notice of Settlement") and proposed plan for distribution of the settlement fund to the Class ("Plan of Distribution") referenced therein.

4. The Court appoints Gilardi & Co. (the "Administrator"), which administered class notice in connection with the Certification Order, as the third-party settlement administrator to disseminate the Notice of Settlement to the Class and administer related processes and procedures.

5. Within 10 days of this Order, the Administrator shall cause the Notice of Settlement to be sent by first class mail to each member of the Class at the best available address it has or can obtain through reasonable effort for each of them. In the event that any Class member's notice is returned to the Administrator as undeliverable, it shall conduct a reasonable search to determine the Class member's address, and then re-mail the notice to the Class member at any address so determined.

6. Additionally, within 10 days of this Order, the Administrator shall also make the Notice of Settlement, Plan of Distribution, Settlement Agreement, and other significant case documents identified by Class Counsel available on the existing case website for review and download, and establish a toll free telephone number with interactive voice response ("IVR") and rollover to live operators to further service Class member inquiries and requests for documents or information.

7. Any putative Class members who wish to exclude themselves from the Class ("opt out") must do so by written request to the Administrator postmarked (or emailed) no later than _____, 2015. All persons who submit valid and timely requests for exclusion in the manner set forth in the Notice of Settlement shall have no rights under the Settlement Agreement, and not share in the distribution of the settlement proceeds, but shall not be bound by any final judgment entered in this matter.

8. Any Class members wishing to make a supplemental claim as provided for in the Plan of Distribution and Notice of Settlement must do so in writing to the Administrator postmarked (or emailed) no later than _____, 2015. The Administrator in coordination with Class Counsel shall have the authority to determine the validity and outcome of

all such supplemental claims.

9. Any Class members wishing to object to the settlement, or any aspect of it, including Class Counsels' proposed fee and expense award or Plaintiff's proposed service award, must do so in writing to the Administrator postmarked (or emailed) by no later than _____, 2015. The Administrator and Class Counsel shall ensure that all such pending objections are properly filed with the Court for consideration at the Final Approval Hearing.

10. Plaintiff and Class Counsel shall file their applications for attorney fees and expenses to Class Counsel and for any service award to the representative Plaintiff by _____, 2015, and cause them to be published on the case website forthwith.

11. Plaintiff and Class Counsel shall file their motion for final approval of the settlement by _____, 2015, and cause it to be published on the case website forthwith.

12. Any members of the Class who objected to the settlement as proscribed above and in the Notice of Settlement may appear at the Settlement Hearing to argue their objections. Members of the Class who do not timely object in the proscribed manner shall be deemed to have waived the objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement, the award of attorney's fees and expenses to Class Counsel, or any other aspect of this settlement, unless otherwise ordered by the Court.

13. All expenses incurred in connection with the notice and claims process shall be paid for as set forth in Settlement Agreement.

14. This Preliminary Approval Order, the Settlement Agreement, and any other incident of this preliminary approval proceeding shall never be offered or construed as an admission or concession by Plaintiff or Defendant of the truth or falsity of any of the allegations in the litigation, or of any liability, fault or wrongdoing of any kind.

15. If the proposed settlement is not finally approved for any reason, then this Preliminary Approval Order and the Settlement Agreement shall have no further force and effect, and the parties rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this Preliminary Approval Order

1 | never entered.

2 |     16.    The Court retains continuing jurisdiction over the action to consider all further matters arising out of or connected with the proposed settlement, including the administration and enforcement of this Preliminary Approval Order, the Notice of Settlement, and the Settlement Agreement.

    17.    Pending the Final Approval Hearing, this action is stayed for all purposes, except as regards the Court's supervision of the settlement process.

**IT IS SO ORDERED**

DATED: _____, 2015

                                          Hon. Jon S. Tigar
                                          United States District Court Judge